IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN WILLIAMS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PENNSYLVANIA DEPARTMENT ) <br> OF CORRECTIONS, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 3:24-cv-095 <br> Judge Stephanie L. Haines <br> Magistrate Judge Kezia O.L Taylor |

## **MEMORANDUM ORDER**

Presently before the Court is an Amended Complaint in Civil Action pursuant to 42 U.S.C. § 1983 filed *pro se* by Norman Williams, Jr. ("Plaintiff") (ECF No. 21). Plaintiff asserts that while he was incarcerated at the State Correctional Institution at Somerset ("SCI-Somerset") his civil rights were violated when he was transferred to the DEMO Program without reason. He claims, though he was considered to be in general population he was barred from receiving contact visits, using most publications available in the general law libraries, barred from confidential communications with religious advisors, barred from congregational religious and recreational activities, barred from attending vocational and educational classes, and barred from the use of recreational equipment which was all made available to other general population inmates. ECF No. 21, ¶ 29. By these actions Plaintiff claims his First Amendment (Retaliation), Eighth Amendment (Cruel and Unusual Punishment), Fourteenth Amendment (Due Process and Equal Protection), and Religious Land Use and Institutionalized Person Act ("RLUIPA") rights were violated. Plaintiff asserts that defendants Barnacle, Torres, Tice, Caro, Tiller, Schaffer, Pasquale, Sweitzer, Streczywilk, Stutzman, Heide, Maust, Ickes, and Houser ("Defendants"), Corrections Officers at SCI-Somerset, are responsible in various ways for the civil rights violations.

1

Defendants moved to Dismiss (ECF Nos. 26, 27) Plaintiff's Amended Complaint. Plaintiff filed a Response with Brief in opposition to dismissal (ECF Nos. 29, 30). The fully briefed Motion to Dismiss was referred to Magistrate Judge Kezia Taylor for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On October 28, 2025, Magistrate Judge Taylor filed a Report and Recommendation (ECF No. 32) recommending Plaintiff's RLUIPA and Due Process claims be dismissed with prejudice because amendment would be futile. It was further recommended that Plaintiff's First Amendment retaliation claim against Defendant Houser and his Eighth Amendment Conditions of Confinement claim be dismissed without prejudice to Plaintiff filing a Second Amended Complaint. Finally, it was recommended that Defendants Schaffer, Heide, Torres, Maust, Ickes, Stutzman, and Caro be dismissed for lack of personal involvement. The Parties were advised that they had fourteen days to file written objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 32) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Taylor in this matter. Magistrate Judge Taylor correctly determined that Plaintiff (1) failed to assert the personal involvement of defendants Schaffer, Heide, Torres, Maust, Ickes, Stutzman, and Caro; (2) failed to assert a plausible RLUIPA claim; (3) failed to assert a plausible Eighth Amendment claim; (4) failed to assert a plausible Fourteenth Amendment Equal Protection or Due Process claims; and (5) failed to assert a First Amendment Retaliation claim against defendant Houser. The Court also agrees with Judge Taylor's determination that all claims should

be dismissed with prejudice with the exception of the Eighth Amendment claim against the remaining defendants and the First Amendment retaliation claim against defendant Houser.

Accordingly, the following order is entered:

**ORDER**

AND NOW, this 5th day of January, 2026, IT IS ORDERED that the Motion to Dismiss (ECF No. 26) hereby is GRANTED as follows;

IT IS ORDERD that Plaintiff's RLUIPA claim be dismissed with prejudice; and

IT FURTHER ORDERED that Plaintiff' Fourteenth Amendment Due Process and Equal Protection claims be dismissed with prejudice; and

IT IS FURTHER ORDERED that Plaintiff's Eighth Amendment claim be dismissed without prejudice; and

IT IS FURTHER ORDERED that Plaintiff's First Amendment Retaliation claim against Defendant Houser be dismissed without prejudice; and

IT IS FURTHR ORDERED that all claims against defendants Schaffer, Heide, Torres, Maust, Ickes, Stutzman, and Caro be dismissed and that these defendants be terminated from the case by the Clerk of Courts;

IT IS FURTHER ORDERED that Magistrate Judge Taylor's Report and Recommendation (ECF No. 32) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that should Plaintiff choose to do so, he may file a Second Amended Complaint *limited to his conditions of confinement claim related to his time in the DEMO unit against remaining defendants and to his retaliation claim against Defendant Houser for allegedly sending him to DEMO unit because of Plaintiff's previous legal action. Claims dismissed with prejudice may not be relitigated in the Second Amended Complaint.* The

3

Second Amended Complaint must be filed on or before February 5, 2026, or the claims dismissed without prejudice may be dismissed with prejudice and the case terminated.

This case is returned to the jurisdiction of the Magistrate Judge for further proceedings.

                                                  Stephanie L. Haines
                                                  United States District Judge

NORMAN WILLIAMS, JR.
GD2737
SCI COAL TOWNSHIP
1 Kelley Drive
Coal Township, PA 17866
PRO SE